and let's wait a minute for the call. Before I begin, I just wish to inform the court that because much of the record, the district court record is sealed and confidential below, the parties have conferred beforehand and will agree to have agreed to not refer to any of these sealed or confidential facts and to dance around them basically. I'll be focusing my argument on the supervised released condition, as the court's heard a lot today. This case is very straightforward and is governed by longstanding, fairly recent precedent from this court. Special condition F here banned Mr. Robinson from engaging in conduct that is protected by the First Amendment. As was again discussed earlier in the calendar, such a condition must be reasonably related to the 3553 factors and it must be no greater deprivation of liberty than is reasonably necessary. But what is critical here is that the court must make an individualized assessment on the record when imposing such a condition. No such assessment was made in this case whatsoever, Your Honors. It is only referred to on page 167 of the appendix. The court recited the special condition and made no findings whatsoever. And nor is it self-evident from the record that such a condition would be necessary here. The court has upheld such conditions when there's some sort of nexus to the crime or the defendant. There are no facts in this case that indicate such a condition has such a nexus. Well, let's say this were a firearm case and there was a special condition imposed that said no gun shows. Wouldn't that be self-evident? Would there need to be an individualized explanation for why? Judge, did you say no guns? No gun shows. Oh, just wanted to make sure. I mean, I think that the argument would be better in that case, Your Honor. You're right. I mean, if the conviction were for possession of a weapon, preventing them from going to a place where they could purchase or possess a weapon would potentially be more evident here. The problem here is that the banned conduct was as to adults. There is nothing in my client's record whatsoever that suggests that that was a gateway to any of the conduct of conviction or that there was a mental health assessment that somehow this was necessary to prevent him from engaging in the conduct of conviction with children or that it was detrimental to his rehabilitation. There was simply nothing in this record whatsoever, nothing in the pre-sentence report, nothing except for what the court said. Was that how, was adult pornography have what led to the prior criminal conduct? No, Your Honor. There was absolutely no evidence of adult pornography in this case, not in any of the allegations, not in the pre-sentence report, not in any of the defense or government pleadings that were submitted below. Are you familiar with U.S. versus Leonard, which is a summary order just issued in April of this year? I'm not as familiar with that as I wish I were right now, Your Honor. It was a summary order. It was on the very issue of adult pornography prohibition, and it was a summary order because the panel on which I sat believed that there was enough Second Circuit law that we didn't have to write a new opinion. Right, you can comment on that. I know it's a softball question. Yes, Your Honor. This is, you know, practically like a decade of jurisprudence from this court, you know, upholding or rather, you know, reversing these conditions and remanding for reconsideration. And, you know, as Your Honor was just pointing out, you know, there is no need to break new ground here that this is, you know, a very simple, straightforward case, and this court, you know, disposed of it also even as recently as last week. So if the court has any further questions. Pardon me, Your Honor? The Borden case? That's right, Your Honor. Yes. Thank you. If the court has no further questions. Thank you, counsel. We'll hear from the government. May it please the court. Good morning, Your Honors. My name is Caitlin Farrell. I'm an assistant United States attorney in the Eastern District of New York, and I represent the government on this appeal. At sentencing, Judge Matsumoto, the district court judge, recounted in great detail the defendant's lifetime of sexually exploiting children. And this included young boys, it included young girls, it included teenage girls, including girls as old as 16 and 17 years old, as well as the defendant's use of the internet to entice his victims. She cited the need to protect the public in meeting out her sentence, which included this condition of supervised release. And so having recounted this extensive record of exploitation, the court did, in fact, provide extensive findings in the record about the facts of this case and justifying both the lifetime supervised release and the specific condition that he not be permitted to access pornography in specific instances, here on electronic devices, computers, and essentially the internet. So it's important to note, first of all, that this ban was not a total ban on legal First Amendment- I think it was on adult pornography, wasn't it? It's not a total ban, Your Honor. Why is it less than total? It's less than total. So the court only prohibited accessing pornography on computers, internet-capable devices, and similar electronic devices. Well, let me read to you from the appendix at 177. This is a quote from the court. Is it far from using court as computer to view pornography or images of naked children stored on related computer media, such as CDs or DVDs? That's correct, Your Honor. So it goes beyond just the internet. It goes to any form. It goes to CDs and DVDs. Any electronic form of viewing pornography. However, it's not a total ban. It doesn't talk about cassette tapes. It doesn't talk about- Total or not, what was the explanation that was given for that specific condition? I'm sorry, Your Honor. Total or not, what was the explanation that was given for that condition? So she did not, following the imposition of this particular prohibition, she didn't go back and recount the facts that she had already found extensively earlier on in the sentencing. But she did, in fact, recount all of those facts earlier on in the sentencing. And as- So your argument is not that it's self-evident, but that, in fact, there was an explanation from before that applies to the conditions? It's both, Your Honor. It was self-evident, A, given his count of conviction and the extensive history that was recounted in the PSR. We're talking about adult pornography, correct? Correct, Your Honor. And most of his offenses were toward children. Isn't that correct? That's correct, Your Honor. However, some of the children that he enticed using the internet were older children. 16, you said? Correct. They're still children, aren't they? Correct. They are. So wouldn't you agree that the district court was required at least to explain why the ban was on adult pornography, which, as we know, is legal and he had a right to view under the First Amendment? She didn't explain why the offenses made her think that this ban was necessary, and that's what we require in the Second Circuit, don't we? So, Your Honor, the published opinions in the Second Circuit dealing with this issue that are cited in the briefs are Eaglin, Johnson, and Simmons. Now, both Eaglin and Simmons dealt with a total ban on pornography, not a case like here where there's essentially a safety valve and the defendant can view pornography through other means besides electronically. Why the connection to electronic viewing? What's the magic in that? I mean, if the concern is allowing him to look at adult pornography, I would think that whatever the medium, it's the pornography that's the problem, not how he views it. The issue here, Your Honor, is the count of conviction and the facts supporting the reasoning. Seriously, seriously. He gets a cassette and he watches it or he gets it and that's okay, but he gets a DVD for the same pornography and that's prohibited. The issue, Your Honor, that I... What's the logic to that? Well, if he'd used... I think you'd have a good argument there if the adult pornography was somehow used to entice the children to engage in pornographic behavior that he then recorded or manipulated in some way. But there's no finding to that effect, is there? There's not, Your Honor. However... I mean, maybe there will be, but without a finding to that effect, it's hard to connect adult pornography with child pornography as repulsive as child pornography might be. Keep in mind we're in the position that after the defendant gets out of prison, the probation office is tasked with monitoring his compliance. Absolutely, I understand. And so, you know, this also speaks to the prong of it being no more restrictive than necessary, but also the need to protect the public, both of which, that factor the district court did discuss at length in the sentencing. And so the condition that the court imposed after reciting these facts extensively allows the probation department to monitor the defendant's compliance and not put the probation department in a position where they have to make individualized assessments as to whether pornography contained on the defendant's phone or on his computer are depicting older children or younger adults. Don't you have the same problem if it's a cassette? Well, the ability to make... I think just the practicalities of the ability to make pornography... Would a probation officer who suspected that the defendant was watching child pornography on cassettes have the authority under this sentencing order to make the defendant disclose the cassette? Yes, because there's a search condition. So the medium is not necessarily protected. It's the message that's what's looked at, correct? I don't agree, Your Honor. The reason being that the ability to make many, many images is far more risky when we're talking about internet-connected devices or DVDs or CDs than when we're talking about copying something onto a VHS. Is he banned from using the internet completely? He's not, Your Honor. Then why shouldn't he be? If the concern is that he manipulates the internet to produce child pornography, I would have thought that you'd not want him on the internet for any purpose. I believe that if the court had imposed that ban, we would be here defending it, because I agree with you that-  I don't want this gentleman to be on the internet at all, given his background, but that's not the restriction that the court imposed. And one of the factors that Your Honors must consider is whether the condition is no more restrictive than necessary. And if anything, Judge Matsumoto's decision to limit his internet use only to pornography and not in general reflects that she was being careful and thoughtful and holistic in meting out the sentence. That may have been so, but you didn't say that, and that's the problem, is that your brief offers some reasons why probation would benefit from being a little bit more over-inclusive in what's encompassed. But none of this was explained, and that's the problem. And so isn't that- I mean, the case from last week, Barden, I guess, is what it was. Isn't that exactly the same? Be remanded for further explanation of the condition? The same condition, actually, I think. Your Honor, I can't speak to Barden in particular, but in this case, the judge extensively recounted factual findings as to the underlying offense, the use of the internet, the enticement of children on the internet, and then at the end of her sentence announced this supervised release provision. Now, perhaps the record would be more clear, and I wouldn't have to argue as strenuously if, after imposing that, she said, and I'm doing so for all the reasons I discussed previously in the sentencing, but your honors have recognized that this court, or rather, the district court, and let me get the exact quote, when something is understood as part of the district court's broader discussion, that that is a more than adequate basis given, granted the offense. That was the Palestry case, which your honor, Judge Wesley sat on. And then there was also yesterday, and I apologize we haven't written a 22J letter, but I just came across this case last night, Coons, a similar case involving child pornography and a supervised release condition. And that case discussed how this court, the Second Circuit, has never required district judges to perform the obvious. And so, and if you don't mind, your honors, I'm a little bit over, if I may just finish my thought. Having recounted extensively these facts and found them, and then at the end of her sentence noted this supervised release condition. If you're all in agreement that had she simply said, and because of all the reasons I cited earlier, there is a basis for this. I think she might have had her say more than that, actually. She had to relate the deprivation of the use of adult pornography to his specific offenses. He's serving a 168 month sentence. Where is he and how many months he's served, do you know? He's served approximately six and a half years, I believe. So he still has many years to go. Many, but not that many, frankly. So I have to worry about technology. I mean, you know, it changes very rapidly these days. I think she could have said that no matter what medium he uses, he is allowed to view adult legal pornography and not allowed to view or use child pornography. And that's just like a part of a sentence is all that she would have been required to do. And it's statewide based on the offenses. Well, had the court imposed that condition, Your Honor, we would be back with the same enforcement problem of probation's ability to determine whether or not he's complying with the condition because of the difficulty. That may be, but that is probation's responsibility. It is, but in this particular case, given the facts of the offense, it's self-evident that the defendant has targeted older children using the Internet and has made videos of them using the Internet. We all agree that they were children. Correct, but older children. Older children are still children, would you agree? Absolutely. I'm absolutely not contesting that it is a crime to exploit older children. Or children. Correct. But the focus here is the ability for probation to enforce this release condition and a ban on pornography on the Internet or on CDs or DVDs allows probation to enforce the condition in a way that protects the public as the court recognized. What I was suggesting is that by the time this special supervised release condition went into effect, there may be technology that makes it easier for probation to distinguish between child and adult pornography. I'm just suggesting that we cannot know what the future will bring in terms of technology. That's correct, Your Honor, and this court has dealt with that issue quite a bit in the context of supervised release conditions in child pornography and child enticement cases. And in some cases has held that the challenge is unripe because of precisely the issue you're identifying where there's no telling where technology will be in four or five years. Right. And so looking at those cases as guidance, if that were Your Honor's concern, that I think not remanding the case- It's not my concern, it's your concern that probation will not be able to distinguish. And we're giving them too much of a burden by allowing adult pornography and not child pornography. And I'm saying it may be easier at some time in the future. Nor is my concern probation's duties. I mean, that's really an issue that you raised, Counsel. Well, the concern is born out of concern for protecting the public when this defendant who has a considerable history of exploiting young children is back out in the public following his sentence. Which is at the bottom of the guidelines range. Thank you, Counsel. Thank you, Your Honor. Ms. Hudson, you're reserved two minutes. Thank you, Your Honors. It seems to me the government is relying extensively on this sort of shading between older children, somehow implicating adults, and yet they also want to have it the other way and say that my client has an extensive history with young children. And this is talking out of both sides of their mouth. But I just want to make a really fundamental point here. Child pornography is illegal. Adult pornography is protected by the First Amendment. And so, you know, without any finding whatsoever of this being some sort of gateway to this illegal conduct like this court found in the summary order in Mayer, this just is not a sufficient justification. It is not sufficient, as Counsel suggests, that she recounted his offenses prior to sentencing. She has to explain why the offenses lead her to put this prohibition in the sentencing. That's absolutely right, Judge Brewer. And that's why, you know, the points, you know, the questions asked by this panel are really well taken here. I mean, this should have been done by the district court. You know, this could very well be something that the government could argue there or make their case there, but it certainly was not. Or probation could make their case, for example. But it was not made here. And, you know, the government contends that this is not a total ban and that somehow that is relevant. I think there's been a lot of questions. Judge Wesley and Judge Cooler, you pointed out that this is quite wide-sweeping and that it has implications for the future. This, you know, really boils down to this is not narrowly tailored to protect the interest here. The court has struck down the- Can I follow up on a question from Judge Cooler to the government? Is there a ripeness issue here? Is there a what? A ripeness issue here? I don't even know if you can view a CD or DVD in seven years. Well, I mean, I think that then we would, you know, at that point, I mean, he could sort of move to modify his conditions, I suppose, if this court were to uphold that. But we do contend that there is, you know, there's a ripe- that this is ripe for review. I mean, this condition was not supported by the law in this case, right? The court has required individualized findings and that it be reasonably related. So, yes, I mean, this was imposed in error. And I suppose it would be even more ripe if he were, for example, to be found in violation of it, Your Honor. That would probably be the most ripe sort of contention. You know, and this court has struck this down time and time- you know, materially similar provisions time and time again is not sufficiently tailored. And, you know, I guess the last point I want to make is something that, you know, Judge Wesley, you brought up this idea as to, you know, the Internet being sort of the issue here, right? The government's very concerned about Mr. Robinson's use of the Internet somehow leading to reoffending. There was an actual Internet monitoring condition put in place for exactly that purpose. We're not contesting that. We understand that that's there, here. And, you know, that's what that condition was for. And so this sort of enforcement concern is really that they just don't want probation to have to rifle through all these, you know, photographs or, you know, or videos or something like that. Well, probation already has to because of that other special condition. So the court has no further questions. Thank you. Thank you, counsel. Thank you both. Thank you. Nicely argued, both of you. We'll take the case under advisement.